(No. 00-CV-1319–)

*In re* APPLICATION OF CAROLIN GOINES

*Opinion filed March 27, 2001.*

CAROLIN HOWARD GOINES, *pro se*.

JIM RYAN, Attorney General (KIMBERLY M. PATE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

HESS, J.

This cause is before the Court on a recommendation from a Commissioner of this Court following a hearing. This Court denied Claimant's application for benefits under the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*), on January 10, 2000, on the basis that Claimant failed to file an application within two years of occurrence of the crime as required by section 6.1(a) of the Act.

Claimant filed a timely request for a hearing, and a hearing was held before Blanche Hill Fawell, a Commissioner of this Court on August 23, 2000.

At the hearing, Claimant testified that after her son, Robert Howard, was murdered on June 13, 1996, she began to suffer severe clinical depression and also became a heroin addict. As a result she was unable to file her application within two years of the occurrence of the murder.

Claimant introduced into evidence various medical records. These documents show that the Claimant was admitted as an in-patient at Mt. Sinai Hospital where she was treated for major depression and heroin abuse from August 12, 1997, until August 25, 1997. The depression and drug abuse were caused by the murder of the victim.

Claimant testified that she was also treated for depression at Madden Mental Health Center and at another facility which has since closed. No medical records from these institutions were presented.

The statute of limitations for claims filed under the Illinois Crime Victim Compensation Act is contained in section 22(f) of the Act, which states that claims must be filed within one year of the crime. Section 22(h) states that this time limit is jurisdictional. Section 45/6.1 of the

Act states that the Court may extend the filing period not to exceed one year upon good cause shown.

In order for the statute of limitations to be extended, the Claimant has the burden of proving that she was under a legal disability. (See section 13—211 of the Code of Civil Procedure, 735 ILCS 5/13—211.) The Claimant must prove the claim by a preponderance of the evidence. (*In re Application of Bauldo* (1992), 44 Ill. Ct. Cl. 449.) This legal disability must be so severe that the Claimant was prevented from filing the application on a timely basis.

The Court has considered the evidence presented in the light most favorable to the Claimant. The Court finds that the Claimant was suffering from legal disability, depression, from August 12, 1997 until August 25, 1997. There was no further evidence of treatment of depression except for the Claimant's statements that she did receive treatment. No dates were provided to the Court nor were any medical records or doctor's statements. In addition, the Claimant testified that she was a heroin addict until April 22, 1999.

The murder of the victim took place on June 13, 1996. The Claimant has failed to submit proof to the Court that she suffered from legal disability after August 25, 1997, when she was released from Mt. Sinai Hospital.

It is hereby ordered that the January 10, 2000, order of this Court denying Claimant's application for benefits under the Crime Victims Compensation Act is affirmed and that this claim is closed.